## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**EARL BLAKE YOUNG (#105511)**                                           **CIVIL ACTION**

**VERSUS**

**NATHAN CAIN, WARDEN**                                          **NO. 12-0647-JJB-RLB**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 10, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**EARL BLAKE YOUNG (#105511)**                              **CIVIL ACTION**

**VERSUS**

**NATHAN CAIN, WARDEN**                                    **NO. 12-0647-JJB-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The State has filed a Procedural Objection in response to the Petitioner's application, and the Petitioner has filed an Opposition to the State's Procedural Objection. There is no need for oral argument or for an evidentiary hearing.

The Petitioner, Earl Blake Young, challenges his conviction and 25-year sentence, as enhanced by a multiple offender adjudication, entered in 2002 in the Eighteenth Judicial District Court for the Parish of Pointe Coupee, State of Louisiana, on one count of second degree battery. The Petitioner asserts (1) that the decision of the state prosecutor to pursue a multiple offender adjudication after the Petitioner's successful initial appeal constituted vindictive prosecution, (2) that the sentence imposed is excessive, and (3) that he was provided with ineffective assistance of counsel.

From a review of the state court record and the Petitioner's application and supporting memorandum, it appears that the Petitioner was originally charged by bill of information in August, 1995, with one count of attempted armed robbery and one count of attempted second degree murder. The State later amended the bill of information to reflect a charge of one count of attempted simple burglary and one count of second degree battery. After a jury trial

conducted in August, 1998, the Petitioner was found guilty on both counts.  The trial court thereafter sentenced the Petitioner to serve 3½ years at hard labor in connection with the attempted simple robbery charge and 5 years at hard labor in connection with the second degree battery charge, with these sentences to be served consecutively.  The State thereafter filed a bill of information charging the Petitioner as a multiple offender and, after a hearing conducted in connection with that charge, the trial court adjudicated the Petitioner to be a third felony offender, vacated the Petitioner's original sentences, and re-sentenced the Petitioner to life imprisonment, without the benefit of probation, parole or suspension of sentence.

       The Petitioner appealed his convictions to the Louisiana Court of Appeal for the First Circuit and, pursuant to decision entered on April 17, 2000, that Court affirmed the convictions. *See State v. Young*, 769 So.2d 6 (La. App. 1st Cir. 2000).  In addition, the Petitioner separately appealed the referenced multiple offender adjudication and, on April 17, 2000, the Louisiana Court of Appeal for the First Circuit overturned the multiple offender adjudication, finding that the State had not adequately proved the validity of the underlying predicate convictions and had not specified which of the present sentences it was seeking to enhance.  Accordingly, the appellate court remanded the matter to the trial court for re-sentencing.  *See State v. Young*, 769 So.2d 12 (La. App. 1st Cir. 2000).  Although the Petitioner did not seek further appellate review in connection with the decision to overturn his multiple offender adjudication, he did seek further review in the Louisiana Supreme Court in connection with the decision upholding his convictions.  Pursuant to Ruling thereafter entered on November 28, 2001, the Louisiana Supreme Court affirmed the Petitioner's conviction for second degree battery but reversed the conviction for attempted simple robbery, finding that there was insufficient evidence to support

the latter charge.  *See State v. Young*, 800 So.2d 847 (La. 2001).   The Supreme Court then remanded the matter to the trial court for re-sentencing in connection with the remaining second degree battery conviction in accordance with the prior decision of the intermediate appellate court.

Upon remand to the trial court, the district attorney for the Parish of Pointe Coupee again filed a bill of information charging the Petitioner as a multiple offender and, after a hearing conducted on February 27, 2002, the Petitioner was adjudicated a fourth felony offender and sentenced to serve twenty-five years in confinement in connection with the second degree battery charge.  The Petitioner appealed this sentence to the Louisiana Court of Appeal for the First Circuit, asserting that the sentence was excessive and that the trial court had erred by allowing the habitual offender proceedings to be conducted under a different docket number.  Pursuant to decision dated November 8, 2002, the appellate court affirmed the multiple offender adjudication and sentence, finding (1) that the Petitioner's claim regarding the alleged excessiveness of the sentence was procedurally barred because he had failed to preserve that issue under state law by filing a motion to reconsider the 25-year sentence in the trial court, *relying upon State v. Duncan*, 667 So.2d 1141 (La. App. 1st Cir. 1995), and (2) that the Petitioner had suffered no prejudice from the assignment of a different docket number to the habitual offender proceedings.  *See State v. Young*, 836 So.2d 698 (La. App. 1st Cir. 2002).  The Petitioner's subsequent application for supervisory review in the Louisiana Supreme Court was denied by that Court on October 3, 2003.  *See State v. Young*, 855 So.2d 306 (La. 2003).  Upon the plaintiff's failure to seek further review in the United States Supreme Court, his conviction and sentence became final on January 2, 2004, upon passage of the 90-day period allowed for

3

him to seek such review.[1]

On or about November 3, 2003,[2] the Petitioner filed an application for post-conviction relief ("PCR") in the state trial court, contending that his conviction for second degree battery was constitutionally deficient because the alleged victim of the offense had been deceased at the time of trial, because the Petitioner was provided with ineffective assistance of counsel, and because of racial discrimination in the selection of the grand jury foreman. Pursuant to decision of the state trial court entered on February 25, 2004, the PCR application was denied as untimely, specifically upon a finding by the trial court that the "time delays to file for post-conviction have expired." The record does not clearly reflect whether the Petitioner sought further review relative to that determination in the state appellate courts, but it does not appear that he did so.[3]

At some point in 2004, the Petitioner apparently requested assistance from the trial court

---

1.  Inasmuch as the 90th day following the decision of the Louisiana Supreme Court fell on New Year's Day, a legal holiday, the deadline is legally extended to the following date, January, 2, 2004. *See* Fed. R. Civ. P. 6(a)(1)(C) and 6(a)(6)(A).

2.  Although the Petitioner's application for post-conviction relief was docketed as filed in the state trial court on February 19, 2004, this Court will apply the "mailbox rule" articulated in *Houston v. Lack*, 487 U.S. 266, 271 (1988), pursuant to which an inmate petitioner is deemed to have filed his habeas corpus pleading on the date that he places it in the prison mailing system for transmission to the court and not on the date that it is ultimately docketed by the receiving court. Accordingly, inasmuch as the Petitioner apparently signed his state court application on November 3, 2003, and presumably gave it to prison officials for mailing on that date, this Court will utilize that date as the date of the Petitioner's filing. In addition, in hereafter referencing the dates of filing of the Petitioner's various pleadings in the state courts, the Court will utilize the dates that the Petitioner signed the respective pleadings or, if illegible or otherwise not ascertainable, the date of filing thereof in the state courts.

3.  It appears that certain documents are missing from the copy of the state court record that has been provided to this Court by the Respondent. Notwithstanding, the Court is able to resolve the issues based on the documentation which is before it.

4

with regard to the calculation of his sentence and, on August 3, 2004, a hearing was conducted, after which the trial judge requested that a prison official meet with the Petitioner "to calculate his time spent in Department of Corrections."   The Petitioner was apparently unhappy with the result of the ensuing calculation because the record reflects that he thereafter filed in the state trial court, on or about September 14, 2004, a Motion to Correct Illegal Sentence, arguing that his 2002 multiple offender adjudication was illegal because, at the time of entry thereof, his original 5-year sentence on the charge of second degree battery, which had been entered in 1998, had expired.  The trial court denied the Petitioner's Motion on the same date as being "without merit."  It appears, however, that the Petitioner may not have received a service copy of the judge's Ruling on this motion because he apparently moved in the intermediate appellate court to compel a decision from the trial judge and, on February 21, 2006, the Louisiana Court of Appeal for the First Circuit denied the Petitioner's request as moot, advising him that a Ruling had been entered on the Motion to Correct Illegal Sentence on September 14, 2004.  In addition, the Petitioner apparently sought further assistance from the Louisiana Supreme Court relative to the pending Motion to Correct Sentence, and on April 8, 2005, the Louisiana Supreme Court issued a decision denying review in connection with that request (under Docket No. 2005-KH-0267), upon a determination that the Petitioner's claim was procedurally barred, relying upon *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1996) (holding that a claim of the excessiveness of a sentence may not be raised in a post-conviction relief application).  *See State ex. rel. Young v. State*, 898 So.2d 1281 (La. 2005).

On or about January 9, 2006, the Petitioner filed a second Motion to Correct Illegal Sentence, this time arguing that his sentence "wasn't imposed as clearly directed by the

5

authorized mandatory words in the statute that the state used to sentence him."  On January 25, 2006, the trial judge denied the Petitioner's Motion as untimely and as being without substantive merit.  The record does not reflect that the Petitioner sought further review relative to this determination in the state appellate courts.

On or about October 30, 2006, the Petitioner filed a third Motion to Correct Illegal Sentence, again asserting that his original sentence had expired at the time that the multiple offender adjudication was entered in 2002.  This Motion was denied in the trial court on November 6, 2006, as being untimely.  The Petitioner sought further appellate review in connection with that determination, contending that the untimeliness determination was improper, and on January 24, 2007 and March 7, 2008, respectively, the Louisiana appellate courts denied the Petitioner's review applications, with the Louisiana First Circuit Court denying review on both procedural and substantive grounds (under Docket No. 2006-KW-2464), and with the Louisiana Supreme Court concluding (under Docket No. 2007-KH-1105) that the Petitioner's claim was both procedurally barred and untimely, relying *inter alia* upon *State ex rel. Melinie v. State*, *supra,* and La. Code Crim. P. art. 930.8 (which provides a 2-year period for the filing of post-conviction relief applications).  *See State ex rel. Young v. State*, 977 So.2d 901 (La. 2008).

On or about May 18, 2008, the Petitioner addressed correspondence to the state trial judge, requesting an opportunity to "get back to court."  On May 28, 2008, upon a liberal interpretation of the Petitioner's correspondence as a potential application for post-conviction relief, the trial judge denied the Petitioner's request on May 28, 2008, "to the extent Petitioner is formally requesting anything."  The record does not reflect that the Petitioner sought further

review relative to that determination in the state appellate courts.  There is in the record, however, a denial of an application for supervisory review in the Louisiana Court of Appeal for the First Circuit dated September 12, 2008 (under Docket No. 2008-KW-0935), which may pertain to that determination or to another ruling made by the trial court.

On or about March 29, 2011, the Petitioner filed a fourth Motion to Correct Illegal Sentence, asserting that one of the predicate offenses utilized to convict him as a multiple offender was invalid and that the state trial court had failed to advise him of his right to remain silent.  The trial judge denied this Motion on May 6, 2011, upon a finding that the Motion was "meritless."  The record does not reflect that the Petitioner sought further review relative to this determination in the state appellate courts.

Finally, on or about November 22, 2011, the Petitioner filed a second application for post-conviction relief in the state trial court, asserting the claims that he now presents in this habeas corpus proceeding, *i.e.,* that the decision of the state prosecutor to pursue a multiple offender adjudication after the Petitioner's successful initial appeal constituted vindictive prosecution, that the sentence imposed was excessive, and that he was provided with ineffective assistance of counsel.  This application was denied in the state trial court on December 1, 2011, upon a finding that the application was untimely.  The Petitioner sought further appellate review in connection with that determination and on February 13 and August 22, 2012, respectively, the Louisiana appellate courts denied the Petitioner's review applications, with the Louisiana First Circuit Court denying review without comment (under Docket No. 2011-KW-2311), and with the Louisiana Supreme Court again finding (under Docket No. 2012-KH-0458) that the Petitioner's claims were procedurally barred and untimely.  *See State ex rel. Young v. State*, 97

So.2d 377 (La. 2012).

On or about October 6, 2012, the Petitioner filed the instant federal habeas corpus application in this Court. Based on the foregoing, the Court finds that the Petitioner's application is untimely and, in the alternative, that his claims are procedurally defaulted.

The Petitioner's Application Is Untimely

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This limitations period runs from the date upon which the judgment becomes final through conclusion of direct review or through expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). As provided by the referenced statute, the time during which a properly filed application for state post-conviction or other collateral review is pending with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period. 28 U.S.C. § 2244(d)(2). To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Further, a properly-filed state application is "pending" both while it is before a state court for review and also during the interval after a state court's disposition while the Petitioner is procedurally authorized under state law to proceed to the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

In the instant case, as noted above, the Petitioner's conviction became final on January 2, 2004, ninety (90) days after the denial of his application for supervisory review in the Louisiana Supreme Court in connection with his direct appeal. Without engaging in a detailed and exhaustive analysis of all of the time periods during which the Petitioner did or did not have

8

pending before the state courts any properly-filed applications for post-conviction or other

collateral review, and notwithstanding the noted lack of clarity in the state court record and the

corresponding inability of this Court's to specifically determine which Rulings of the state trial

court were contested in the state appellate courts, it is abundantly clear that, at least between

September, 2008, and March, 2011, a period in excess of two years, the Petitioner did not have

any such applications pending.  Specifically, as noted above, the Court is able to glean the

following chronology from the state court record:

(1) Post-Conviction Relief Application filed: November 3, 2003
     Denied in the state trial court as untimely: February 25, 2004
     No apparent appellate review

(2) Request for Assistance with Calculation of Sentence: Sometime in 2004
     Hearing in the state trial court: August 3, 2004
    First Motion to Correct Illegal Sentence filed: September 14, 2004
     Denied in the state trial court as without merit September 14, 2004
     Denial of appellate Review by La. S.Ct. as
       procedurally barred: April 8, 2005

(3) Second Motion to Correct Illegal Sentence filed: January 9, 2006
     Denied in the trial court as untimely and without merit: January 25, 2006
     No apparent appellate review

(4) Third Motion to Correct Illegal Sentence filed: October 30, 2006
     Denied in the state trial court as untimely: November 6, 2006
     Review denied by La. S.Ct. as untimely and
     procedurally defaulted: March 7, 2008

(5) Letter seeking to "get back to court" (liberally interpreted
     by the trial court as an application for relief) filed: May 18, 2008
     Denied in the trial court: May 28, 2008
     Review denied in La. 1st Circuit appellate court: September 12, 2008

        *        *        *        *

(6) Fourth Motion to Correct Illegal Sentence filed: March 29, 2011
     Denied in the state trial court as meritless: May 6, 2011
     No apparent appellate review

9

| | |
|---|---|
| (7) Second Post-Conviction Relief Application filed: | November 22, 2011 |
| Denied in the state trial court as untimely: | December 1, 2011 |
| Review denied by La. S.Ct. as untimely and procedurally defaulted: | August 22, 2012 |
| (8) Federal Habeas Corpus Application filed: | October 6, 2012 |

Based on the foregoing, it is clear that, notwithstanding a consideration of any other time periods, there was a gap of almost 2½ years between the conclusion of proceedings in connection with the Petitioner's filings identified at Nos. (4) and (5), above, and the commencement of proceedings in connection with the Petitioner's Fourth Motion to Correct Sentence identified at No. (6), above, which gap reflects an interval of time of greater than one year during which the Petitioner did not have pending any state court collateral review proceedings. Accordingly, inasmuch as substantially more than one year elapsed during which the Petitioner did not have pending before the state courts any applications for post-conviction or other collateral review, his claims in this Court are time-barred pursuant to § 2244(d).

Finally, although this Court has the power to equitably toll the limitations period, *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), the Court finds no compelling reason to recommend tolling in this case. Equitable tolling of the 28 U.S.C. § 2244(d) time-bar is permitted only "in rare and exceptional circumstances." *Id.* The doctrine "applies principally where the plaintiff is actively misled ... about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). Ignorance of the law, lack of knowledge of filing deadlines, temporary denial of access to research materials or legal assistance, and inadequacies in the prison law library are not sufficient to warrant equitable tolling. *Tate v. Parker*, 439 Fed. Appx. 375, 376 (5th Cir. 2011); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Further, it has

10

consistently been held that a habeas petitioner bears the burden of proving equitable tolling in this context. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). In addition, a petitioner is required to show that he has been diligently pursuing his rights. *See Holland v. Florida*, 560 U.S. 631 (2010).

In the instant case, the Petitioner has made no attempt to meet this burden. Accordingly, the Court declines to recommend equitable tolling in this case.

<u>In The Alternative, The Petitioner's Claims In This Court Are Procedurally Defaulted</u>

In addition to the foregoing, it appears that the Petitioner's claims asserted in this proceeding are subject to dismissal by reason of procedural default. In this regard, it appears that although the Petitioner asserted these claims in his post-conviction application filed in state court on November 22, 2011, that application was denied for procedural reasons, with the Louisiana Supreme Court rejecting consideration thereof on August 22, 2012, upon an express finding that the claims were untimely and barred under state procedural rules. *See State ex rel. Young v. State, supra*, 97 So.3d 377 (La. 2012). Accordingly, the last state court to address the Petitioner's current claims clearly relied upon a state procedural rule in denying consideration thereof.

When a state court decision to deny post-conviction relief rests on a state procedural basis that is independent of the federal questions raised by the Petitioner and is adequate to support the judgment, the federal court lacks jurisdiction to review the merits of the Petitioner's federal claims. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *Moore v. Roberts*, 83 F.3d 699, 701 (5th Cir. 1996). The independent and adequate state ground doctrine "applies to bar federal habeas when a state court decline[s] to address a prisoner's federal claims because the

11

prisoner ha[s] failed to meet a state procedural requirement." *Coleman v. Thompson, supra*, 501

U.S. at 729-730.  The basis for the application of the doctrine is grounded in concerns of comity

and federalism and is related to the requirement that a habeas petitioner first provide the state

courts with an opportunity to address and correct violations of a prisoner's federal rights:

> Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas
> petitioner who has failed to meet the States's procedural requirements for presenting his
> federal claims has deprived the state courts of an opportunity to address those claims in
> the first instance....  In the absence of the independent and adequate state ground doctrine
> in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement
> by defaulting their federal claims in state court.  The independent and adequate state
> ground doctrine ensures that the States' interest in correcting their own mistakes is
> respected in all federal habeas cases.

*Id.* at 731-32.

For the independent and adequate state ground doctrine to apply, the state court

adjudication of a habeas petitioner's claim must have been, as here, explicitly based on a state

procedural rule.  *Moore v. Roberts, supra*, 83 F.3d at 702.  "The procedural default doctrine

presumes that the 'state court's [express] reliance on a procedural bar functions as an

independent and adequate ground in support of the judgment.'" *Id., quoting Sones v. Harbett*, 61

F.3d 410, 416 (5th Cir. 1995).  The Petitioner can rebut this presumption only by establishing that

the procedural rule is not "strictly or regularly followed" or, notwithstanding, by (1)

demonstrating "cause for the default and actual prejudice as a result of the alleged violation of

federal law" or (2) demonstrating that "failure to consider the claims will result in a fundamental

miscarriage of justice."  *Id.  See also Coleman v. Thompson, supra*, 501 U.S. at 750.  Although

the Petitioner makes reference to this cause and prejudice standard and also asserts that there is

"structural error" in this case in light of the asserted "vindictive prosecution" (Rec. Doc. 15, pp.

12

14-15), he has made no attempt to make these showings.  Accordingly, the Court is precluded from considering the Petitioner's claim for this reason as well.

Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although the Petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original).  In the instant case, the Court finds that reasonable jurists would not debate the denial of the Petitioner's § 2254 application or the correctness of the procedural ruling.  Accordingly, it is appropriate that, in the event that the Petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

RECOMMENDATION

It is recommended that the Petitioner's application for habeas corpus relief be dismissed as untimely and as barred by procedural default.  It is further recommended that, in the event that

13

the Petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on February 10, 2014.


**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**