UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

EARL BLAKE YOUNG (#105511)          CIVIL ACTION

VERSUS

NATHAN CAIN, WARDEN          NO. 12-0647-JJB-RLB

## RULING

This matter is before the Court on the Petition (doc. 1) for Writ of Habeas Corpus filed by the petitioner Earl Blake Young. The Magistrate Judge recommended that the petitioner's Petition for Writ of Habeas Corpus be dismissed as untimely and barred by procedural default. Additionally, the Magistrate Judge recommended that, in the event the petitioner pursues a Certificate of Appealability, it should be denied.

The Court has reviewed the record, applicable law, and the petitioner's objections (doc. 27) to the Magistrate Judge's Report and Recommendation *de novo*. *See* Fed. Rule Civ. Proc. 72(b)(3). In his objections (doc. 27) to the Magistrate Judge's Report and Recommendation, the petitioner did not raise any new issues or defenses.

According to 28 U.S.C. § 2244(d), a prisoner in state custody has one year to file for federal habeas corpus relief. The period begins to run from the date upon which the judgment becomes final, either after direct review or by the expiration of the time to seek such review. 28 U.S.C. § 2244(d)(1)(A). Also, the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward the one-year statute of limitations. 28 U.S.C. § 2244(d)(2). After the petitioner's conviction became final, there was over a two-year period, between September 2008 and March 2011, in which petitioner did not have any post-conviction applications pending.

Further, when a state court decision to deny post-conviction relief rests on a state procedural basis that is independent of the federal questions and is adequate to support the judgment, the federal court lacks jurisdiction to review the merits of the petitioner's claims. *See e.g., Coleman v. Thompson*, 501 U.S. 722, 729 (1991). The petitioner previously raised these issues in a state post-conviction application, and that application was denied by the Louisiana Supreme Court as untimely and barred by state procedural rules.

Finally, a district court may deny the petitioner's Certificate of Appealability *sua sponte*. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). In a federal habeas proceeding, a Certificate of Appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Further, if the petitioner's claims were rejected on procedural grounds, the petitioner must show that reasonable jurists would debate whether a valid claim of a denial of a constitutional right was presented and whether the district court was correct in its procedural ruling. *See Ruiz v. Quarterman*, 460 F. 3d 638, 642 (5th Cir. 2006). The petitioner has made no showing of a denial of a constitutional right and has made no showing that reasonable jurists would not debate the denial of petitioner's federal habeas application based on the procedural rules applied in this case.

After review, the Court hereby **APPROVES and ADOPTS** the Report and Recommendation (doc. 26) of the Magistrate Judge. Accordingly, the Petition for Writ of Habeas Corpus filed by the petitioner is **DISMISSED**, and the Certificate of Appealability for the issues discussed in this federal habeas application is **DENIED**.

Signed in Baton Rouge, Louisiana on this 10th of April, 2014.

**JAMES J. BRADY, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**