UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| EARL BLAKE YOUNG (#105511) | CIVIL ACTION |
| VERSUS | |
| NATHAN CAIN, WARDEN | NO. 12-0647-JJB-RLB |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 25, 2015.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**EARL BLAKE YOUNG (#105511)**            **CIVIL ACTION**

**VERSUS**

**NATHAN CAIN, WARDEN**            **NO. 12-0647-JJB-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's Motion to Reconsider (R. Doc. 30), which has been filed as a Motion for Relief from Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. This Motion has been referred to the undersigned for such action as may be appropriate. *See* R. Doc. 31.

Pursuant to Order dated April 10, 2014 (R. Doc. 28), the above-captioned habeas corpus proceeding was dismissed upon a finding that the petitioner's application was untimely and, in the alternative, that it was barred by procedural default. The petitioner did not pursue an appeal from that Ruling. Now, almost a year later, the petitioner has filed the instant motion seeking a reconsideration of the Court's determination. The petitioner, however, does not point to any clear basis for such reconsideration. Instead, he relies generally on the broad discretion of this Court, on the purported "extraordinary circumstances of this case," on the interests of justice, and on the principle that a "dismissal of a first federal habeas petition is a particularly serious matter." *See* R. Doc. 30 at p. 6.

Initially, the Court must determine whether, in filing this motion under Rule 60(b), the petitioner has presented a claim that effectively seeks successive habeas corpus relief and that would therefore require prior authorization from the United States Court of Appeals for the Fifth

Circuit in accordance with 28 U.S.C. § 2244(b). In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court addressed the circumstances under which a motion for relief from judgment pursuant to Rule 60 must be considered to be a successive application for habeas corpus. The *Gonzalez* Court concluded that a claim presented in a Rule 60 motion that re-visits a prior *substantive* denial of habeas relief or asserts a new basis for relief from a conviction is effectively a habeas corpus application. *Id.* at 532. As explained in *In re Hartzog*, 444 Fed.Appx. 63, 65 (5th Cir. 2011), *cert. denied*, ___ U.S. ___, 132 S.Ct. 1771 (2012), "[a] 60(b) motion is considered a successive collateral attack if it challenges an earlier denial of relief on the merits or raises new claims." In contrast, "[a] Rule 60(b) motion is not successive if it challenges 'not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings,'" as where it challenges a procedural issue, *e.g.*, timeliness or prematurity, that prevented a previous federal habeas court from reviewing the merits of the petitioner's claims. *Id.* at 65, *relying upon Gonzalez v. Crosby, supra*.

Applying the foregoing standard, the Court concludes that the petitioner's Rule 60 motion is not a successive habeas application because it seeks reconsideration of the Court's prior ruling on procedural issues, *i.e.,* untimeliness and procedural default. Accordingly, this Court is not precluded from considering the petitioner's claims on this basis and may address and resolve the petitioner's claims raised in the instant motion.

Notwithstanding the foregoing, the Court finds that the petitioner's contentions are unavailing. Rule 60(b) provides that relief from a judgment may be had for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment that

has already been satisfied, is no longer equitable, or has effectively been overturned, or (6) any other reason that justifies such relief. Rule 60(c)(1) provides that a motion brought pursuant to Rule 60(b) "must be made within a reasonable time – and for reasons (1), (2) and (3) no more than a year after the entry of the judgment."

The petitioner's contentions in the instant motion – that the broad discretion of this Court and the general interests of justice warrant a grant of relief – do not fit clearly within any of the enumerated subsections of Rule 60(b). Accordingly, the petitioner therefore seeks to rely upon the catch-all provision of subsection 60(b)(6), which provides a remedy for "any other reason that justifies relief" and provides a residual clause meant to cover unforeseen contingencies and to accomplish justice in exceptional circumstances. *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007). The petitioner does not point, however, to any specific error in the Court's original conclusion that his federal habeas claims were untimely and procedurally barred. Moreover, inasmuch as the relief afforded by Rule 60(b)(6) is meant to be extraordinary relief, it requires that the moving party make a showing of extraordinary circumstances justifying such relief. *Hess v. Cockrell,* 281 F.3d 212, 216 (5th Cir. 2002). In the instant motion, the plaintiff has made no showing of unusual or unique circumstances to support the application of Rule 60(b)(6). Finally, the petitioner has not explained to the Court either the reason for his failure to assert the instant claims on direct appeal or the reason for his 11-month delay in filing the instant motion. The Court is aware of nothing which prevented the petitioner from contesting the Court's findings in a timely appeal or in an earlier motion for Rule 60 relief.

It is well-settled that a Rule 60 motion is not a substitute for a timely appeal and cannot be used to extend the time for filing an appeal. *See*, *e.g.*, *Leverton v. Pope*, 100 Fed. Appx. 263, 265 (5th Cir. 2004); *Williams v. New Orleans Public Service, Inc.*, 728 F.2d 730, 736 (5th Cir.

1984).  The petitioner in this case has not pointed to any unusual or unique circumstances that would excuse his failure to seek relief through a timely appeal.  As stated in *Pryor v. U.S. Postal Service*, 769 F.2d 281, 286 (5th Cir. 1985), when the basis for a Rule 60(b) motion is apparent or known within the time to appeal, "the usual time period for direct appeal presumptively delimits, as a matter of law, the 'reasonable time' contemplated by Rule 60(b)." *Id.* at 288.  In such instance, a Rule 60(b) motion filed outside the time for taking an appeal will normally be too late, and this Court finds that the petitioner's motion in the instant case comes too late for this reason.  *See Winding v. Sanders*, 2013 WL 4049521 (S.D. Miss. Aug. 9, 2013) (denying Rule 60(b)(6) motion filed after the delays for appeal had elapsed).

## CERTIFICATE OF APPEALABILITY

Pursuant to statute, an appeal may not be taken to the federal court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although the petitioner has not yet filed a Notice of Appeal, this Court may nonetheless address whether he would be entitled to a certificate of appealability.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original).  In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioner's § 2254 application or the correctness of the procedural

ruling. Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

## RECOMMENDATION

It is recommended that the petitioner's Motion to Reconsider (R. Doc. 30) be denied. It is further recommended that, in the event that the petitioner seeks to pursue an appeal, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on March 25, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**